And Mr. Zass, you have reserved two minutes for rebuttal, so once you're set you may proceed. Good afternoon, may it please the court, your honors. My name's Edward Zass, I represent the appellant Francis Hughes. The sole issue on this appeal concerns the $3,000 AVAA special assessment that was imposed by the district court. We're asking this court to order a limited remand for the purpose of ensuring that the judge considered the mandatory factors under 3572. Those are the same factors that govern a fine. And those- We're never required a court to orally sort of tick off those factors when imposing a finer assessment, right? That's exactly right, and we don't contest that at all. Okay. But what the court does say is there has to be some affirmative indication, no litany, no magic words, just some affirmative evidence to show that the judge considered the factors that are required. Typically it arises in a 3553A argument where the defendant says, I made all these arguments under 3553 and the judge didn't address any of them, and the court says, no, no, no. They've been briefed. Right, I mean, here you might cut the judge some slack because the $3,000 number was agreed on by the parties. Everybody who said 3,000 sounds right, there's certainly evidence in the pre-sentence report to reflect that. The defendant had the wherewithal to pay that. There's then a discussion about the $5,000 mandatory assessment under a different provision. And only then does defense counsel say, well, maybe you want to revisit the 3,000 in light of the additional five that's going to be mandatory. And the judge said, no, I'm not going to do that. And I mean, certainly the record reflects he had the ability to pay 8,000, right? He had like 30,000 in his checking account, didn't he? Well, Judge, you've said a lot, so let me try to dig just a little deeper and just maybe a little more precise in my answer. Okay. So the $3,000, and this is really where what I would call a series of errors originates, is the judge comes in and believes that the $3,000 is restitution that's mandatory under the AVAA restitution statute. Disabused of that, right? Yes, he's disabused of that, but in a way that's really important, I think. He's asked to convert it to the $3,000 special assessment. Exactly. The government correctly advises the judge that restitution is not appropriate here. But asks for, in its words, a small tweak. And the tweak was, just make it a special assessment under the AVAA. Now that, I'm not criticizing the government. These are penalties that are an alphabet soup of confusing things. But the factors for restitution are very different from the factors for the assessment. So it's, and Judge Sullivan, you're right. The defense counsel at that point, not only doesn't object, but affirmatively says, that's okay with us. But the critical point- Well, it could be up to $35,000, right? It could be. That's the statutory maximum for the assessment. And he's got 30 grand in the bank, right? That's what the PSR said.  Well, I thought that was the correction provided by defense counsel. I thought the court from the PSR thought it was 40, and the defense made a representation it's 30, and the court accepted it. Exactly right. So that's not a number we're fighting over, right? That's right. On this, I can't vouch for its accuracy, but I'm- Well, the defense represented and asked the district court to proceed on that. So I think we have to proceed on the assumption he had 30,000, right? Yes, I think you do.  Now, Judge Sullivan, just going back to your point, we acknowledge that the judge, when the objection was finally made, or really the request to say, oh, judge, if you're going to impose 5,000 under the JVTA, defense counsel says we'd ask you to reduce or eliminate the $3,000. He's not permitted at that point to finish the objection. The judge immediately says, no, no, no, he can afford both. But our point is that the JVTA and the AVAA assessments are fundamentally different in this regard. For the JVTA, there's only one factor. Is the defendant, in the words of the statute, non-indigent? If the defendant is not indigent, $5,000 has to be imposed. But the AVA assessment, by incorporating the factors for the fine, is not limited to just ability to pay. Wouldn't you agree that of the eight factors listed in 3572, some of them are concededly irrelevant, like if the defendant is an organization. Yes, that's the one I would concede. Whether the defendant can pass on to consumers the expense of the fine, not relevant. I mean, the need to deprive the defendant of illegally obtained gains from the offense, not relevant. We're limited, really, to just the beginning two, which is his earning income, earning capacity, and financial resources. But that really is indigence, and we've already had a finding that by the defense offering, he's got 30 grand in the bank. So you know that's taken care of. And then the only one, it seems, is this idea about the burden that the fine will impose on the defendant, or anybody who's financially dependent on him. I mean, is that what it boils down to? That he has sometimes, he's represented, that he has sometimes helped some of his relatives? Your Honor, no, but several responses, because there were several questions. So let's tease that apart. You described some of these factors as not relevant. Right. And I would say that that's not accurate. They are relevant in the sense that a judge must consider them. Certainly, a judge, if the judge considers it, can decide that certain factors don't affect the judge. In that sense, they're irrelevant. I'm not going to put any weight on X factor. But the fact that he can't pass the fine on, or the assessment on, to consumers, if the judge were aware of these factors and considered them, could be taken into account and say, well, I know you can't do that, so I'm not going to impose three. I'm going to impose two, or whatever. So I'm not, that would be- Usually, it cuts the other way. It's that I would give you three, but since you can pass it on to consumers, it's going to be ten, right? Well, it's two sides of the same coin, but Your Honor, just going- Well, I think the point is, that's a factor that couldn't drive his fine down. If we were to remand and send this back to the district court, that factor about passing on consumers could not drive his fine down. No, I'm not sure why that's true. Do you think the judge may have mislabored under the impression that he could pass this on to consumers? No, no, my point is, the judge, as far as this record goes, seems not to be aware of the factors that govern. Let me back the- I guess I'm going at, if I could, I'm going at partly a bit of a hypothetical harmlessness argument. Meaning that if we were to send this back, some of these factors could not possibly, Logically result in a better outcome for your client, for example, whether he's an organization. It can't weigh, hang on, the part about passing it on to consumers can't possibly weigh in favor of a better outcome for your client. And I'm trying to narrow it down to what are the possible factors that could weigh in favor of a better outcome for your client, which is another way of saying why could this be harmless or not? Yes, yes, so let's take AA, which is the organization part out. That's clearly not applicable, has no relevance, doesn't have to be considered, even under the language of the statute. But I'm not sure, I just have to disagree with you, that the statute says you can look to whether the defendant can pass on a cost to consumers. He's a priest who's can't, who when he gets out of jail is not going to have any means to pass it on. Now that doesn't have to be considered, but we don't know how the judge would weigh it. You honestly think the judge was unaware that he couldn't pass this on to consumers, and so we need to get him on the record to say that? I'm not saying that at all. All I'm saying is, if you look at the entire, let's back the movie up, okay? I mean, I think you're making kind of an implausible notion, a hypothetical almost, that the judge is sort of maybe laboring under some false view that he could pass this on to consumers. And so he set it as high as $3,000 with that in mind. No, no, my point is nobody throughout the entire sentencing proceeding, or in the sentencing submissions, advises the judge that there are these factors under 3572 that are incorporated by reference into the ABA- Well, the judge is presumed to know the law. I guess I'm skipping ahead. Yes. And again, maybe you want to frame this as a harmlessness argument. What would be done differently if we were to vacate and remand? What factor is there that you think the judge did not consider that could possibly realistically drive a different outcome here? because that's what I'm just not seeing. We're talking about $3,000 where he's got $30,000 in the bank. Yes, yes. So let's move away from the consumer thing, because it's just causing confusion. But let's take a more obviously relevant factor, which is A2. The burden that the assessment would impose on the defendant and anyone who's dependent on the defendant. If you look at the sentencing letters that are discussed in our brief, there is evidence that Mr. Hughes was providing financial support to his sister and her two children. And yet he had $30,000 in the bank. I'm sorry? Yet he had $30,000 in the bank that he had not spent on them. Yes, yes. There's no indication that he was zeroing out his bank balance to support people. No, but, well, that's not explored at all. Well, he had $30,000 in the bank. Yeah, but he only has $30,000 in his life. I mean, the fact that he's forced to pay $5,000. But the district court referenced these letters, right? The district court reviewed the letters and referenced that fact in the record. Yes, but there's no indication that the judge was aware of and considered the 3572A factors in imposing this assessment. Now, I mean, he's aware of the letters. He's aware of the statement that he previously provided financial support to these people. It seems like it was decades earlier, candidly.  And so, why would we presume that the judge didn't know those facts or understand the law? Well, it's not that he didn't understand the facts. It's that the judge seems, as far as the record goes, there's no affirmative evidence that the judge understands that he's supposed to consider not just the defendant's ability to pay, but these other factors in 3572A. Now, remember, there's this other contradiction. Judge Nardini has emphasized that there's $30,000 in the bank. But remember, this judge finds, before he imposes the $8,100- He changed his mind, though, right? Yeah, he said up front, early in the sentencing, he's indigent. And later on, he gets more specific and says, you know what, he's not indigent. He's got this bank balance. I mean, it's not as though he said he was not indigent, and then he said he is indigent, just flip-flop without giving any reasoning. He did say up front, he's not indigent. Not sure I would have understood why he would be indigent, given the bank balance, but okay. But at a certain point, he gave more specific findings that support a finding of non-indigents, and we have it on the record. But the issue under 3572A is not just indigents. No, but to the extent that you're fussing about how earlier he said he was indigent, and then later he changed his mind. That's just not a problem, because he then gave a solid explanation, ground in the record, of why he changed his mind. Judge is allowed to change your mind over the course of a hearing, right? Of course, but I don't read it as a change in mind. I view it, there's two inconsistent findings, right? A criminal fine is governed by 3572A. A special assessment under the AVAA is governed by those exact same factors. At the point where he's only being ordered to pay $3,000, this is earlier in the beginning of the sentencing. The judge says, I find he's unable to pay a fine. Later on, when it's now $8,100, he's apparently finding he can pay the $8,100. But that's a contradiction in the case- You're saying once he said indigent at the beginning, he couldn't change his mind? It's not that he can't change his mind. He can't make express findings of the record that he is, in fact, not indigent because he's got $30,000 in the bank? The cases we've cited say, it's up to the district court to explain the contradiction. To say, either I was wrong, I should have imposed a fine, he's not indigent. Or, I see, there's these factors I didn't consider the first time. And the fine shouldn't be $3,000, it should be $2,000, or $1,000, or zero. I'm just going back to the overarching principle, is that when Congress has mandated a series of factors to be considered for a discretionary sentencing determination, this court is held over and over again. Court doesn't have to use magic words, court doesn't have to go through each factor and make a specific finding. There just has to be affirmative evidence that the judge is aware of those factors. And here, if you look at the record as a whole, no pre-sentence submissions that are discussing these financial penalties at all. The judge's evident confusion about restitution, then about the AVAA assessment, and then about the JVT. There's too much doubt that the judge was still laboring under confusion when he imposed the 3,000. It's certainly true that a remand could be very fast, it could just be the judge saying- And it could be worse. You would concede that it could be worse or not? It could be worse on the fine. Well, considering the factors now, he might say, you know, 3,000, well, I was understated. You guys fed me 3,000, I was prepared to go with that. But now that I've been asked to think about it, I think he's got 30 in the bank. 35 is the top of the statutory permitted quantity. I'll go with 20. I think that putting aside any sort of vindictive sort of thing, which I'm not accusing, any other legal error. I think that, and we would request that the judge actually be free, if the judge wants, to take more evidence on his financial situation and come up with the appropriate penalty. And on fine, he could resolve at least one of the inconsistencies you're pointing to by saying, I was wrong in concluding that he can't afford a fine, and so I'm also imposing a fine, assuming. Yes, it doesn't even have to be a change of mind. There are cases where the judge may say, give a reason, like I want money to go to restitution. And so even though he can afford the fine, I'm not going to impose it because I don't- The statute sets a priority for these things. Yes. The first priority is the special assessment of $100, the court's taking its piece. The next bit is restitution, which is not applicable here. Then it's the assessment here under the ADAA. Then it's the $5,000 mandatory or other assessments under other sections of this title. And then the last one is sort of other fines that are sort of related to sentencing. So it would suggest that if there's a finding that $8,000 is too much, the $3,000 is still going to get paid first, right? I think that's right. Yeah. If it sticks, yes. I'm well over my time, but- Well, you have a couple of minutes for rebuttals, so we won't hold that against you, but thank you. Thank you, Your Honor. You bet, thank you. Ms. Cohen. It please the court, my name is Marsha Cohen, and I represent the government in this appeal. I also represented the government in the proceedings below. The record fully supports Judge Halpern's decision to impose a $3,000 assessment pursuant to the ADAA. The record shows that he considered the factors in 3572. He specifically highlighted the relevant factors, the applicable ones. He specifically talked about the defendant's financial situation. The factors, obviously, that we've talked about are defendant's income, his financial resources, his earning capacity, the burden on the defendant. And so, when the court said, I'm going to impose both the $3,000 assessment as well as the 5,000. There's no question he can afford it. And then pointed to the facts in the PSR with respect to the defendant's financial circumstances. That is the district court making it clear that he has used- And I suppose the one that was discussed a little bit earlier that is absent from the record. Tell me if you disagree, and if you don't disagree, why it doesn't matter, is the support of other family members. I think that here, there was not any suggestion in the record that the defendant was currently providing any support to anyone. There was a letter from his sister indicating that in the past, he had provided financial and emotional support when she was going through a divorce. There was a letter from a niece referring to the fact that the defendant had helped her. Again, this is in the past, and this factor of considering how this assessment is going to impact the defendant or anyone dependent on the defendant, there's nothing here. And I would point out that they're not suggesting that the court got it wrong in concluding that the financial circumstances, the income, the earning capacity, the burden on the defendant and others. They're not suggesting that the court got those facts wrong, that made those findings of facts in error. The other thing is that there's no question here that the court knew about 3572. This court can presume that the court understood that its job was to look at 3553A as well as 3572. That's not a new provision. You do 3572 when you do the fine analysis. Yes, in the same way that you use that provision. In the fine analysis, he said he can't afford to pay the fine. I don't think there's a contradiction here. When we're talking about that 3571 fine, the maximum was $250. The guidelines range here was a recommended, the guidelines recommended 20,000 to 200,000. And I don't think- You said 250, you mean $250,000? $250,000 was the maximum. The guidelines recommended for his offense level, recommended 20,000 to 200,000. The problem with that argument is that the guidelines aren't binding, right? No, of course. You're saying that sub silencio, he was thinking either I give a guidelines fine or nothing? No, I'm not saying that. I suppose what I'm saying is that in considering whether to impose a punitive fine that is a fine where courts are looking at guidelines ranges that are talking about thousands of dollars. I don't think there's anything inconsistent about the court finding that this defendant can pay $3,000 and $5,000, but I'm not going to impose another fine. I would also say that this came on the heels of the court believing it was imposing a $3,000 restitution award. What you just described there is logical. It's not the ordering in which it happened, because it seems in the transcript like he can't afford the fine comes before he's alerted to the $5,000 mandatory assessment. Again, I would say that in this context, the court was thinking in terms of a fine- thousands of dollars. Here, that is very different from the kind of assessments that we're talking about here that the court ultimately imposed, $3,000 and the mandatory $5,000. I also did want to point out that when the government first raised the Andy, Vicki, and Amy Act, the court responded with the Act's full name. Are you talking about the Amy, Vicki, and Andy Child Pornography Victim Assistance Act of 2018? The PSR specifically referenced that by its full name. And in the PSR, it specifically directed the court that in considering the assessment, the court is to look at 3553A factors and 3572. I think that's another basis for concluding that, of course, that the court understood that 3572 provided factors that should be considered. But you seem to be conceding or acknowledging that the court misunderstood the restitution provision, in that he thought that the crime of conviction didn't fall under the restitution requirement, right? The court misunderstood. The court, I think, sort of looked at- Well, the court said this seemed to be what the court was saying, is this is not a trafficking offense, when it actually is a trafficking offense. The reason you didn't push a restitution is no victim came forward and there was no basis to articulate a restitution amount, right? Yes. But I think that the fact that the court was confused about the definition of trafficking does not suggest that the court was confused about any of the- Well, they also thought the restitution was mandatory. Right, it originally imposed $3,000 restitution, thinking it mandatory, which it wasn't in the absence of an identifiable victim. Yes, I think that the court misunderstood that. The PSR- Was wrong. Stated, well, the PSR isn't really wrong. The issue is that when the PSR is created, it's not clear whether there will be a restitution request. At the point that there isn't a restitution request, if there had been a restitution request, it's $3,000 is the amount that Congress has deemed the minimum reasonable amount for restitution. And so, for the probation office, when they prepare these reports, they don't know one way or the other whether, on the day of the sentencing, a victim will say, I would like to be compensated. Was the court confused about that? Yes. But there's nothing in this record to suggest that the court was confused about the AVAA assessment or the JVTA assessment. Did the court work through the issues during the sentencing? Yes. And the judge recognized that he was relying on counsel to- leaning on counsel to make sure he got it right. And he did get it right. There's simply nothing here to suggest that the court was not looking to the right factors in concluding that a $3,000 AVAA assessment made sense here. If there are no other questions, the government would rest on its brief. All right. Thank you, Ms. Cohn. Thank you. Mrs. S? You get another two minutes. Thank you, Your Honor. Let me see if I can at least persuade you that rather than us sort of reading between the lines and trying to figure out if the judge had in mind these factors, you can always do a Jacobson remand and say that we're disagreeing and it's unclear since no one ever mentions 3572. We just want to be sure that you've considered these factors and if you need to take any more evidence to decide the appropriate assessment, you can. My adversary has, I think, given you a misleading picture. And I want to just leave you with- set the stage for how this came about. The PSR does mention the 3572 factors in one sentence along with a lot of things. But remember, it says we don't recommend any of these penalties. The only thing it recommends is restitution. Then the parties submit their sentencing papers, not a word about any of the financial penalties. So when the judge comes into court, and of course everyone is worried principally about the jail term, he then mistakenly first imposes restitution thinking it's mandatory, it's not. Then he thinks this is not a trafficking case, it is. Then he tries to impose sentence the second time, and he pretty much finishes it, completely overlooks the JVTA. It's only when the prosecutor reminds the judge at that point that the JVTA applies that the 5,000 comes in. Then there's a discussion, and finally on the third attempt in the same day, the court imposes both penalties. At the same time, leaving intact his finding that this defendant is unable to afford a fine. If that's not a confusing sentencing record warranting a remand, I don't know what is. And I don't think, even though it may not seem like a lot of money, Mr. Francis is going to get out of jail in a couple of years. He's got no livelihood left. He's pretty much destroyed most of his life. I think that it's not 100% clear that this judge, if apprised of the factors, wouldn't say, you know what, with the $5,000 and all the other factors, I'm not going to put the 3,000. That came from an error. That came from thinking the ABA assessment was a restitution amount which would have been mandatory. So that's where it originates, and it never gets corrected. And- It originates then with both the defense counsel and the prosecutor agreeing that that's a suitable number, right? For, yes, before anyone realizes that the 5,000 is coming down the pipe by the end of sentencing, yes. Yes, I'd ask once again, a Jacobson remand could eliminate the doubt. It'll take maybe as long as this argument to do it. But thank you for your time, I appreciate it. Thank you, Mrs. S, Ms. Cohen, thank you. We'll reserve decision, and that brings us to